```
              IN THE UNITED STATES DISTRICT COURT FOR
               THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

|   |   |
|---|---|
| THE ISRAEL BAPTIST CHURCH OF BALTIMORE/COLLINGTON SQUARE NON PROFIT CORPORATION, | * * * |
| Plaintiff, | * |
| v. | *    CIVIL NO.: WDQ-05-cv-830 |
| SCOTTSDALE INSURANCE COMPANY | * * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION AND ORDER

The Israel Baptist Church of Baltimore/Collington Square Non Profit Corporation ("Plaintiff") sued Scottsdale Insurance Company ("Scottsdale") for a declaratory judgment.[1] Pending is Scottsdale's motion for summary judgment.  For the following reasons, the motion will be granted.

I.  BACKGROUND

Plaintiff owns 1200 North Collington Avenue ("Collington Avenue") in Baltimore, Maryland.  Compl. at ¶ 2.  Scottsdale is an insurance company.  *Id*. at ¶ 3.  Plaintiff and Scottsdale entered into an insurance agreement by which Scottsdale provided commercial general liability coverage to Plaintiff from February 14, 2003 to

---

[1] *See* 28 U.S.C. §§ 2201 *et seq*. (2005).

1

February 14, 2004.  *Id*. at ¶ 4.

On December 1, 2004, Plaintiff was sued by Margaret Lomax ("Lomax") on behalf of her daughter, Asia Artes ("Artes").  *See* Compl. Ex. 1.  The underlying complaint filed by Lomax (the "Lomax complaint"), alleges that on November 27, 2003, Artes was raped, abused and sexually assaulted by another resident in a common stairway at Collington Avenue.  *Id*. at ¶¶ 4-5. The Lomax complaint alleges that Plaintiff was negligent in its security and safety procedures, and as a result of Plaintiff's negligence, Artes suffered damages.  *Id*. at ¶¶ 19-26.

Plaintiff provided Scottsdale with notice of the Lomax complaint and on December 31, 2004, Scottsdale disclaimed coverage for Plaintiff, because of a sexual and/or physical abuse exclusion to the insurance policy held by Plaintiff.  *See* Mot. Summ. J. Ex. 5.

Plaintiff filed this action in the Circuit Court for Baltimore City on March 14, 2005.  Scottsdale removed the action to this Court on March 28, 2005.  Plaintiff seeks judgment declaring: (1) Scottsdale owes a duty to defend Plaintiff on the Lomax complaint; (2) Scottsdale must indemnify Plaintiff to the limits of its insurance policy for any judgment rendered against Plaintiff; and (3) Plaintiff is entitled to attorney's fees and costs.

2

II. Analysis

A.   Motion for Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask... whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The existence of a mere "scintilla" of evidence is not sufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

3

1.   The Insurance Policy

In Maryland, insurance contracts are interpreted as other contracts. *See Harbor East-Office, LLC v. Travelers Casualty and Surety Company*, No. 98-2329, 1999 U.S. App. Lexis 20837, at *6 (4th Cir. Aug. 30, 1999); *Yahiro v. Northwestern Mutual Life Ins. Co.*, 168 F. Supp. 2d 511, 514 (D. Md. 2001); *North River Ins. Co. v. Mayor and City Council of Baltimore*, 343 Md. 34, 680 A.2d 480, 483 (Md. 1996). The intention of the parties is to be ascertained from the policy as a whole. *Kendall v. Nationwide Ins. Co.*, 348 Md. 157, 166, 702 A.2d 767, 771 (Md. 1997). Using the principles of contract construction, the court initially looks at the plain language of the contract "according words and phrases their ordinary and accepted meanings as defined by what a reasonably prudent lay person would understand them to mean." *Id*.  If the contract language is ambiguous, extrinsic evidence may be considered to determine the intention of the parties. *Id*. at 170, 773. Language is ambiguous if it is subject to two meanings by a reasonably prudent lay person. *Id*.

The parties do not dispute that they entered into an insurance contract, Policy No. CLS0895583, for commercial general liability coverage. *See* Mot. Summ. J. Ex. 4 at OPS-D-1(12-00). The parties also do not dispute that the policy was effective from February 14, 2003 to February 14, 2004 and the policy covered three of Plaintiff's properties, listed in order: "1200 Collington Avenue,

Baltimore, MD  21213; The Walton Oxford House, 2122 Nurse Street, Baltimore, MD  21213; 1211 N. Chester St., Balt., MD  21213." *Id*. at CLS-SD-1L(8-01).  Plaintiff's only disagreement regarding the properties listed is that the correct address for the Walton Oxford House is 2122 Mura Street, not 2122 Nurse Street. *See* Opp. at ¶ 8. Scottsdale corrected the address error when a General Change Endorsement was issued on July 10, 2003 reflecting 2122 Mura Street as the correct address for "Location #2." *See* Mot. Summ. J. Ex. 4 at gmarrow 7/10/2003.  A revised declaration also restates the properties covered: "Loc #1 1200 Collington Avenue, Baltimore, MD 21213; Loc #2 The Walton Oxford House, 2122 Mura Street, Baltimore, MD  21213; Loc #3 1211 N. Chester St., Balt., MD  21213." *Id*. at CLS-SD-1L(8-01)(second to last page of Ex. 4).  A General Change Endorsement also confirmed Plaintiff's three locations on December 29, 2004. *Id*. at lobaldwin 12/29/2004.

The insurance policy is clear and unambiguous.  Plaintiff contracted with Scottsdale to have three of its properties insured. The Collington Avenue property at issue in the Lomax complaint is Location #1 in the insurance policy.


2. Exclusion of Coverage

The insurance policy contained a "Sexual and/or Physical Abuse Exclusion" that modified the commercial general liability and professional liability coverage parts. *Id*. at GLS-45s(3-92).  The

exclusion states in part:

> This policy does not apply to any injury sustained by any person arising out of or resulting from Sexual and/or Physical abuse by:
>
> 1. Any insured;
> 2. Any of your Employees; or
> 3. Any person performing volunteer services for you or on your behalf; or
> 4. Any other person.
>
> We shall not have any duty to defend any suit against you seeking Damages on account of any such injury. *Id*.

The policy also included a "Sexual and/or Abuse Liability Coverage Form" that provided limited coverage for sexual and/or physical abuse for "Location #3 Only." *Id*. at GLS-44s(11-95).

The policy language is clear and unambiguous. Plaintiff contracted with Scottsdale to insure coverage for three properties; however, those properties were subject to an exclusion of coverage for sexual and/or physical abuse. Scottsdale gave Plaintiff the option of seeking coverage for incidents of sexual and/or physical abuse, which Plaintiff exercised only for Location #3 (i.e., 1211 N. Chester Street).

Plaintiff contends that the phrase "any other person" contained in the "Sexual and/or Physical Abuse Exclusion" means someone who acts on behalf of the insured when read in conjunction with the other three categories of people causing injury who are not covered. This argument is not convincing; a reasonable lay person would understand "any other person" to mean just that - any other person, regardless of whether he acted on behalf of the insured.

6

Plaintiff also argues that a Program Rating Work Sheet, dated January 9, 2003, which states "*Sex/Phys Abuse 25/50 - Included" indicates that the parties intended to include coverage for sexual and physical abuse.  *See* Opp. Ex. 1.  However, Plaintiff ignores that the work sheet states at the bottom "*Location #3."  *Id*.

Plaintiff has failed to establish that it contracted with Scottsdale for insurance coverage of sexual and physical abuse incidents at the Collington Avenue location.  Scottsdale has no duty to defend Plaintiff against the negligence claim raised in the Lomax complaint nor does Scottsdale need to indemnify Plaintiff for any judgment entered against it.  *See The Standard Fire Ins. Co. v. Proctor*, 286 F. Supp. 2d 567, 571 (D. Md. 2003); *Lititz Mutual Ins. Co. v. Bell*, 352 Md. 782, 792, 724 A.2d 102, 107 (Md. 1999); *Pettit v. Erie Ins. Exch*., 349 Md. 777, 780, 709 A.2d 1287, 1289 (Md. 1989).  Accordingly, Scottsdale is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons discussed above, Scottsdale's motion for summary judgment will be granted.

<u>January 4, 2006</u>                                 <u>        /s/           </u>
Date                                             William D. Quarles, Jr.
                                                 United States District Judge